UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CONVENIENCE FRANCHISE GROUP, LLC, | : | Case No. 3:12-cv-202 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KASSEM OBED, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY: (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE
ENTRY OF DEFAULT (Doc. 16); (2) VACATING THE CLERK'S ENTRY OF
DEFAULT (Doc. 15); AND (3) DENYING DEFENDANT'S MOTION FOR DEFAULT
JUDGMENT (Doc. 14)**

This civil case is before the Court on the Motion of Plaintiff Convenience Franchise

Group, LLC ("Plaintiff") for Default Judgment. (Doc. 14). In response to Plaintiff's Motion,

Defendants Kassem Obed and Kasey's Gas Mart, LLC ("Defendants") filed a Motion to Set

Aside Entry of Default. (Doc. 16). Plaintiff filed a Memorandum in Opposition to Defendants'

Motion. (Doc. 17). Defendants filed a Reply. (Doc. 18). These Motions are now ripe for

decision by the Court.

## I. BACKGROUND

Plaintiff alleges that its predecessors in interest offered gasoline service station services

and convenience type grocery store services under the Ameristop marks, and that Plaintiff now

licenses to third parties the right to use the Ameristop marks in connection with those same

services. Plaintiff owns the AMERISTOP mark and a Stylized Eagle mark as used in connection

with gasoline service station services and convenience grocery store services. The registration of

both marks were issued and placed on the Principal Register of the United States Patent and

Trademark Office on June 12, 1990.

Plaintiff alleges that Defendants provide gasoline service station and convenience store services using Plaintiff's marks. Plaintiff alleges that Defendants have no connection or association with Plaintiff and that Defendants are not licensed or authorized by Plaintiff to use Plaintiff's marks. Plaintiff alleges claims for trademark infringement under the Lanham Act (15 U.S.C. § 1051, *et seq.*), false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)), violation of Ohio statutory law (Ohio Rev. Code § 4165.02) and common law claims of trademark infringement and unfair competition under Ohio law.

Plaintiff filed the Complaint on June 26, 2012. (Doc. 1). Defendant Kassem Obed was served on June 29, 2012. (Doc. 10). Defendant Kasey's Gas Mart was served on July 2, 2012. (Docs. 11, 12). Both parties failed to file an answer in this case by the time set forth by Fed. R. Civ. P. 12, and therefore, on October 29, 2012, the Court ordered Plaintiff to seek and entry of default. (Doc. 13). Plaintiffs filed a combined Motion for Entry of Default and Motion for Default Judgment on November 12, 2012.

## II. ANALYSIS

Motions for default judgment are governed by Fed. R. Civ. P. 55(b). After entry of default by the clerk, the plaintiff must move the court for a default judgment where the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation." *Id.* However, before granting a judgment by default, "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The decision to grant or deny a Rule 55(c) motion is within " the discretion of the trial judge." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). However, there is "a strong preference for trials on the merits in federal courts[.]" *Id.*

2

To determine whether good cause exists to set aside an entry of default under Rule 55(c), the Court must consider three factors, namely "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (citing *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983)). "[A]lthough 'all three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *Krowtoh II LLC v. ExCelsius Intern. Ltd.*, 330 Fed. Appx. 530, 535 (6th Cir. 2009) (citation omitted).

Here, in opposing Defendants' Motion to Set Aside the Entry of Default, Plaintiff concedes that granting Defendants relief from the entry of default would not result in prejudice. However, Plaintiff does argue that Defendants fail to set forth any meritorious defense and contend that Defendants' default was willful.

The Court first addresses whether Defendants present a meritorious defense. "[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) (citations omitted).

Here, Defendant points to the existence of a settlement agreement between the parties. An email from Counsel for Plaintiff and Defendant states:

This will confirm our telephone conversation:

1. You will write a check made out to "Convenience Franchise Group, LLC" for $600.00. You will mail that check to my attention (see address below) **today**.

2. We will inspect the signs at your store in the next two days, and confirm that there are no remaining problems.

3. Then, we will withdraw the lawsuit against you.

Please confirm that you received this email, and that you agree to the items listed above.

(Doc. 16-1). Not only do Defendants submit a copy of the email showing a settlement in principal, Defendant evidences affirmative steps taken to comply with the settlement agreement by providing a copy of a check, dated November 6, 2012, purportedly tendered to Plaintiff in the amount of $600.00. Plaintiff does not dispute receipt of this check.

Plaintiff does, however, contend that Defendants' defense is not meritorious because Defendants did not fully comply with the settlement agreement. According to Plaintiff, one mark at Defendants' store remained visible on or about November 12, 2012.[1] The remaining mark at Defendants' store appears to be a mark made part of the exterior siding of the store located near the roof of the building. Because Defendants did not remove all purportedly infringing marks, Plaintiff moved forward with default judgment against Defendants rather than seeking Defendants' full compliance with the settlement agreement.

While there may be an issue regarding Defendants' full compliance with the settlement agreement between the parties, Defendant has, at the least, met its burden of suggesting a meritorious defense beyond a mere assertion. *See Riley v. Allstate Ins. Co.*, 166 F.R.D. 374, 376

---

[1] Plaintiff Motion for Default Judgment (Doc. 14), filed November 12, 2012, shows a number of marks purportedly present at Defendants' store at some unknown time.

(E.D. La. 1996) (finding that the defendant "present[ed] a meritorious defense" when "[i]t provide[d] competent evidence that [the plaintiff] may have agreed to settle his suit"). Accordingly, the Court finds the existence of a meritorious defense.

The Court also concludes that Defendants' default does not rise to the level of willful disregard of these proceedings. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. Here, Defendants submit an affidavit stating that they began negotiating a resolution with Plaintiff in July 2012, just after this suit was filed, and that Defendants believed that the parties had reached a settlement agreement. While Plaintiff argues that Defendant ignored its Motion for Entry of Default and Default Judgment, the record does not support such a contention. Defendants Motion to Set Aside the Entry of Default was filed approximately five weeks after Plaintiff filed its Motion, and such a delay is consistent with a party seeking the representation of counsel.

Accordingly, based on all of the foregoing, the Court: (1) **GRANTS** Defendants' Motion to Set Aside the Entry of Default (Doc. 16); (2) **VACATES** the Clerk's Entry of Default (Doc. 15); and (3) **DENIES** Plaintiff's Motion for Default Judgment (Doc. 14).

**IT IS SO ORDERED**.

Date: 2/25/13

Timothy S. Black
United States District Judge

5